IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| NADER ASHGARI-KAMRANI and KAMRAN ASHGARI-KAMRANI<br><br>Plaintiffs,<br><br>v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION<br><br>Defendant. | FILED<br>2015 OCT 30 P 4: 04<br>CLERK US DISTRICT COURT<br>ALEXANDRIA, VIRGINIA<br>Civil Action No.: 2:15-CV-478<br>(RGD/LRL) |

## COMPLAINT

Nader Ashgari-Kamrani and Kamran Ashgari-Kamrani (collectively, "Plaintiffs" or "Kamrani"), by their attorneys, for their complaint against United Services Automobile Association ("Defendant" or "USAA"), allege as follows:

### NATURE OF THE ACTION

1.  This is an action for monetary and injunctive relief to recover for the damage caused by and to prevent further damage arising from the unlawful and unauthorized use of Kamrani's intellectual property through the infringement of Kamrani's patent under 35 U.S.C. § 271 by the Defendant. Specifically, Kamrani complains that the Defendant infringes at least claims 1-13, 16-42, and 45-55 of Kamrani's United States Patent No. 8,266,432 (the "'432 patent"). A true and correct copy of the '432 Patent is attached as Exhibit A

### THE PARTIES

2.  Nader Ashgari-Kamrani and Kamran Ashgari-Kamrani are the inventors of the invention Patented by the '432 patent and are the only owners of the '432 patent. Both of these inventors and owners live and reside in Fairfax County, Virginia, United States of America.

3. Kamrani has all right, title, and interest in the '432 patent and the right to sue for infringement thereof.

4. On information and belief, United Services Automotive Association is an inter-insurance exchange, organized under the laws of the State of Texas, pursuant to the Texas Insurance Code, and its principal place of business is at 9800 Fredericksburg Road, San Antonio, TX 78288.

5. On information and belief, USAA provides a variety of banking, investment, insurance, and consumer products and services in Virginia and throughout the United States and in particular have a place of business in Virginia.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35, United States Code. The Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a).

7. On information and belief, Defendant conducts substantial business in this judicial district and regularly solicit business from, does business with, and derives revenue from goods and services provided to, customers in this district, and has committed acts of patent infringement in this judicial district. Because Defendant has committed acts of patent infringement in this judicial district, and/or is otherwise present and doing business in this judicial district, this Court has personal jurisdiction over Defendant.

8. This Court has personal jurisdiction over USAA pursuant to provisions of the Virginia Long Arm Statute, VA. Code. Ann. § 8.01-328.1, and the laws of the United States based at least on USAA having committed a tortious injury in this Commonwealth by

purposefully utilizing infringing products or services in this judicial district and providing access and continued use to customers and members located in the Commonwealth of Virginia.

9. Venue is proper in this judicial district pursuant to the provisions of 28 U.S.C. §§ 1391, 1400(b), and Local Rule 3(c).

### COUNT I: PATENT INFRINGEMENT OF THE '432 PATENT

10. Kamrani restates, re-pleads, and incorporates by reference each and every allegation set forth above as if fully set forth herein. The United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,266,432 on September 11, 2012, to the inventors Nader Ashgari-Kamrani and Kamran Ashgari-Kamrani. Defendant has directly or indirectly infringed, literally or though the doctrine of equivalents, one or more claims of the '432 patent, by making and/or using in this judicial district and elsewhere within the United States products and services that are within the scope of at least claims 1-13, 16-42, and 45-55 of the '432 patent, constituting infringement under 35 U.S.C. § 271, including, by way of example and not limitation, a log-on service and a pin number reset service. In particular, Defendant made and used its accused products and/or systems to authenticate a user's identity through the use of authentication system.

11. To the extent any fact finder concludes that Defendant did not literally satisfy any element of the above listed claims of the '432 patent, those elements are met under the Doctrine of Equivalents.

12. Upon information and belief, USAA derives substantial revenue from the cost savings associated with utilizing the infringing products or services covered by the '432 patent.

13. On information and belief, Defendant's acts of infringement have caused damage to Kamrani, and Kamrani is entitled to recover from Defendant the damages sustained by Kamrani as a result of Defendant's wrongful acts in an amount subject to proof at trial.

14. On information and belief, Defendant' continued infringement of the '432 patent after the date of this complaint is willful and deliberate, entitling Kamrani to enhance damages and reasonable attorney fees and costs.

15. Kamrani has no adequate remedy at law for Defendants continued infringement of the '432 patent, such that Kamrani is entitled to injunctive relief from and against Defendant for further acts of infringement.

## PRAYER FOR RELIEF

WHEREFORE, Kamrani requests the following relief:

A. Adjudging that Defendant infringes the '432 patent-in-suit;

B. Adjudging that Defendant's infringement of the '432 patent has been willful and deliberate.

C. A judgement awarding Kamrani all damages, including but not limited to treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, compensatory damages, costs, together with both pre-judgement and post-judgment interest.

D. USAA, and its directors, subsidiaries, affiliates, officers, agents, servants, and employees, and those acting in concert or participation with USAA be permanently enjoined from further infringement of the '432 patent;

E. A judgment that this case is an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to an award of its reasonable attorneys' fees for bringing and prosecuting this action;

F. An award of Plaintiffs' costs and expenses in this action; and

G. Such further and additional relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and Local Rule 38, Kamrani demands a trial by jury in this action on all issues triable by jury.

Dated: October 30, 2015

Respectfully submitted,

NADER ASHGARI-KAMRANI and KAMRAN ASHGARHI-KAMRANI

By Counsel

McClanahan Powers, PLLC

By: _____
Dirk McClanahan
Virginia State Bar No.: 81208
McClanahan Powers, PLLC
8133 Leesburg Pike, Suite 130
Vienna, Virginia 22182
Tel: (703) 520-1326
Fax: N/A
dmcclanahan@mcplegal.com
*Counsel for Plaintiffs*