## ijUNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## Norfolk Division

| | |
|---|---|
| ASHGHARI-KAMRANI, et al. : | |
| Plaintiffs, : | |
| v. : | |
| UNITED SERVICES : | Civil Action No: 2:15-cv-478 |
| AUTOMOBILE ASSOCIATION : | |
| Defendant. : | |

## ORDER

Before the Court is Defendant's Motion to Compel Complete Answers to Interrogatories, filed on April 25, 2016 ("Motion to Compel"). ECF No. 78. In its motion, Defendant argued that Plaintiffs' responses to four interrogatories (Nos. 1, 4, 8, 9) failed to satisfy Rule 33 because Plaintiffs essentially failed to answer the questions asked. ECF No. 79. Plaintiffs filed an opposition on May 9, 2016, arguing that the issues in Defendant's interrogatories are not yet ripe in the discovery process, that the questions seek irrelevant information, and that the Defendant merely disagrees with Plaintiffs' responses, not actually finding them to be unresponsive. ECF No. 96. Defendant filed a reply on May 16, 2016, responding that the motion is timely in the discovery process. ECF No. 103. Defendant filed a Waiver of Hearing on the motion. ECF No. 110. This matter was referred to the undersigned United States Magistrate Judge on May 16, 2016. *See* 28 U.S.C. §§ 636(b)(1)(B); Fed. R. Civ. P. 72(b); E.D. Va. Local Civ. R. 72. For the reasons stated below, Defendant's Motion to Compel, ECF No. 78, is **GRANTED IN PART** and **DENIED IN PART**. The Court will address the interrogatory requests below:

## A. Interrogatories One and Four:

*Defendant's first interrogatory states:*

> Describe in complete detail the factual and legal basis and supporting evidence, using element-by-element claim charts, for each act of alleged infringement (i.e., each act of direct infringement by Defendant, each act of direct infringement by a third party, and each act by Defendant inducing or contributing to the third party's direct infringement) for which Plaintiff contends Defendant bears any liability.

ECF No. 103 attach. 1 at 4-5. Plaintiffs objected, arguing that the information was vague, ambiguous, overly broad, and unduly burdensome, such to the extent it asks for "each act." *Id.* at 5. Plaintiffs objected that that the interrogatory seeks information beyond the Plaintiffs' possession or control and information that is "subject to the attorney-client privilege, work product immunity, common interest privilege, joint defense privilege, and/or other applicable privilege." *Id.* Plaintiffs objected on the grounds that the interrogatory is premature to the extent that it requires claim construction before the dates for claim construction and calls for information subject to expert opinion and testimony. *Id.* Plaintiffs then filed a supplemental response, referring the Defendant to the Second Amended Complaint ("SAC") and Exhibits B-E thereto.[1]

*Defendant's fourth interrogatory states:*

> Describe in complete detail, using element-by-element claim charts, how each claim of each Asserted Patent finds written description support in the specifications of each and every United States Patent from which it descends.

*Id.* at 8. Plaintiffs objected, arguing that the information was vague, ambiguous, overly broad, and unduly burdensome to the extent it asks for "complete detail." *Id.* Again, Plaintiffs objected on the basis that the interrogatory seeks information beyond the Plaintiffs possession or control, and that it is "already in the possession, custody, or control of [the Defendant] or readily and

---

[1] Plaintiffs say that they provided this information in the SAC, but the SAC merely lays out the Defendant's online services and explains, in detail, how one logs in and uses Defendant's technology. It makes no reference in any way to how each of those detailed steps is related to or an infringement on Plaintiffs' patented technology.

equally available to [the Defendant]." *Id.* Plaintiffs further objected on the basis that the interrogatory seeks information that is "subject to the attorney-client privilege, work product immunity, common interest privilege, joint defense privilege, and/or other applicable privilege." *Id.* Plaintiffs objected on the grounds that the interrogatory is premature to the extent that it requires claim construction before the dates for claim construction and calls for information subject to expert opinion and testimony. *Id.* at 9. Plaintiffs then referred the Defendant to a letter from Plaintiffs' attorney "for one example of how claim 1 of the '432 patent is supported by an embodiment described in U.S. Pat. No. 7,444,676." *Id.* In their supplemental response, Plaintiffs argued that the Defendant bears the burden of proving invalidity. *Id.*

The scope of discovery is delineated as follows: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Defendant here requests this discovery by interrogatory; "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). The Court will now address each of Plaintiffs' objections to both interrogatories.

Plaintiffs' objections that the interrogatories are "vague, ambiguous, overly broad, and unduly burdensome," and that they seek information beyond the Plaintiffs possession or control are boilerplate objections. Federal Rule of Civil Procedure 33(b)(4) requires objections to be stated with specificity. These objections clearly are not so stated. Generalized, boilerplate

objections such as these "are highly disfavored in the Fourth Circuit." *Paulino v. Dollar Gen. Corp.*, 3:12–CV–75, 2013 WL 1773892, at *12 (N.D. W.Va. Apr. 25, 2013) (collecting cases). "Any objection to discovery requests must be lodged with some specificity so the requesting party, and the Court if it becomes involved, can ascertain the basis for the objection." *Smith v. Bayer Material Sci., LLC*, No. 5:12-CV-171, 2013 WL 3153467, at *1 (N.D. W.Va. June 19, 2013); *Hager v. Graham*, 267 F.R.D. 486, 492 (N.D. W.Va. Apr. 28, 2010) ("General objections to discovery, without more, do not satisfy the burden of the responding party under the Federal Rules of Civil Procedure to justify objections to discovery because they cannot be applied with sufficient specificity to enable courts to evaluate their merits."). Plaintiffs' objections fail to give the Defendant and the Court any real basis for why the information requested is vague, ambiguous, or overly broad.

Further, Defendant asked for Plaintiffs' infringement contentions, since Plaintiffs are bringing this patent infringement action, it seems quite ironic that Plaintiffs basis for infringement is not within their control or custody, as this information is the basis for bringing such an action. *Cf. View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981 (Fed. Cir. 2000) (explaining in terms of Rule 11 sanctions, that a party bringing infringement claims against another must, "at a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted"). Finally, Plaintiffs provided no detail in regards to how the information Defendant seeks is beyond Plaintiffs possession (interrogatory number one) or how the information is "already in the possession, custody, or control of [the Defendant]" (interrogatory number four). Simply because Defendant may have access to the information in no way indicates how requiring the Plaintiffs to produce

the information is burdensome. *See Evergreen Trading, LLC ex rel. Nussdorf*, 80 Fed. Cl. 122, 136 n.20 (2007) (collecting cases); *VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, 1999 WL 386949, *6 (D.Kan. Jun. 8, 1999) ("Asking for information already within the possession of the party seeking the discovery does not of itself make the interrogatory unduly burdensome or oppressive.").

Plaintiffs further objected to both interrogatories on the basis that the interrogatories seek information that is "subject to the attorney-client privilege, work product immunity, common interest privilege, joint defense privilege, and/or other applicable privilege." ECF No. 103 attach. 1 at 5 and 8. Plaintiffs claims of privilege are also unavailing, as Plaintiffs 1) fail to explain how any privileges apply; and 2) admit they plan to answer this interrogatory "at the appropriate time," when they will utilize expert opinion and testimony, and therefore, presumably, waive or disregard any purported "privilege." Further, when a party asserts a privilege as a basis for refusing to provide information, the party must describe the nature of the privileged material "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Plaintiffs' failure to provide *specificity* with regard to their assertions of privilege permit this Court to find that Plaintiffs waive these privileges. *See Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B*, 230 F.R.D. 398, 420 (D. Md. June 23, 2005) (objecting to interrogatory number four, Defendants claimed "'attorney-client privilege, work product privilege or other privileges,' but neither identified the purportedly privileged documents nor explained how they were privileged. By this utter failure, the defendants clearly forfeited any privilege they might have had"); *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 356 (D. Md. June 27, 2012) ("The failure to state with specificity the grounds for an objection may

result in waiver of the objection, unless the Court excuses the failure for good cause shown."); *cf. Elat v. Ngoubene*, No. CIV. PWG-11-2931, 2013 WL 4478190, at *4 (D. Md. Aug. 16, 2013) ("A party asserting privilege during written discovery should provide a privilege log that identifies each document withheld, information regarding the nature of the privilege/protection claimed, the name of the person making/receiving the communication, the date and place of the communication, and the document's general subject matter."); *Nussdorf*, 80 Fed. Cl. at 125-26 (ordering "plaintiffs to file a more detailed privilege log that specifically described the nature of the claimed privileges and provided other categories of identifying information about the documents" after they filed responses to requests for production, "asserting various objections including overbreadth, relevancy, attorney-client privilege, and work product privilege"). Without specific information, this Court has no way to assess why this information is subject to any one of the four privileges Plaintiffs claim apply. Moreover, Plaintiffs claimed privileges such as the joint defense privilege and the common interest doctrine. Again, without any specificity, there is no basis for the Court to determine how such privileges would even apply in the context of this case.

While the majority of Plaintiffs' objections were merely boilerplate or simply baseless, Plaintiffs' objections that the interrogatories are premature to the extent that they require claim construction before the date set for claim construction have some merit to the extent this jurisdiction, unlike others with specific local patent rules, does not require claim charts until after claim construction. This district does not mandate disclosure of contention interrogatories at any particular time. The Court is left then to follow the general common law on this subject, permitting Plaintiffs to disclose this information only after claim construction or after the Defendant proves invalidity. *See X2Y Attenuators, LLC v. Int'l Trade Comm'n*, 757 F.3d 1358,

1365 (Fed. Cir. 2014) (Reyna, J., concurring) ("Where the claims have not been properly construed, the full scope of the claim is unknown, thereby rendering baseless any determination of written support in an earlier patent. It follows that entitlement to priority cannot be decided without first construing the asserted claims."); *Univ. of Virginia Patent Found. V. Gen. Elec. Co.*, No. 3:14CV51, 2015 WL 4878880, at *3 (W.D. Va. Aug. 14, 2015) (considering the timing of contention interrogatories in patent infringement suits: "[T]he value of the interrogatory responses for determining claim priority should not decide the motion to compel if efficient management of discovery concerning claim validity suggests a different schedule"); *Bonutti Skeletal Innovations, LLC v. Linvatec Corp.*, No. 6:12-cv-1379-ORL-22TBS, 2014 WL 186123, *4 (M.D. Fla. Jan. 16, 2014) (denying motion to compel all factual and legal support, on a claim-by-claim basis, that the patent-in-suit's claims are not invalid because it "ask[ed] Bonutti to provide a detailed explanation of a substantial part of its case before expert discovery on these issues ha[d] taken place," which the court considered "likely to result in a waste of time and resources"); *United Servs. Auto. Ass'n v. Mitek Sys., Inc.*, 289 F.R.D. 244, 250 (W.D. Tex. Feb. 15, 2013), *aff'd*, No. CIV.A. SA-12-CA-282, 2013 WL 1867417 (W.D. Tex. Apr. 24, 2013) (dismissing the motion to compel "subject to being re-urged at a later date," because USAA first alleged invalidity, leaving USAA with the initial burden).

Therefore, after claim construction or after Defendant proves invalidity/prior art, Plaintiffs are required to demonstrate a priority date and provide the "specific reference" or writing description of each patent that relates back to an earlier patent and parallels the priority date. *Cf. Sampson v. Ampex Corp.*, 463 F.2d 1042, 1045 (2d Cir. 1972) (observing that the "specific reference" requirement under Section 120 has the purpose of ensuring that someone examining a patent claiming the benefit of an earlier filed application is able to determine the

priority date with "a minimum of effort"); *Sticker Indus. Supply Corp. v. Blaw-Knox Co.*, 405 F.2d 90, 93 (7th Cir. 1968) ("Congress may well have thought that Section 120 was necessary to eliminate the burden on the public to engage in long and expensive search of previous applications in order to determine the filing date of a later patent."). Consequently, Defendant's Motion to Compel Plaintiffs' responses to interrogatories one and four is **GRANTED IN PART**, and Plaintiffs are **ORDERED** to respond to this interrogatory fully <u>within seven days after the Court issues its claim construction order.</u>

**B. Interrogatory Eight:**

*Defendant's eighth interrogatory states:*

Describe in complete detail all ownership and other financial interests in this action, including all ownership and other financial interests in any Asserted Patent.

ECF No. 103 attach. 1 at 13. Following a litany of objections, the Plaintiffs answered that "Plaintiffs, and only Plaintiffs, have joint ownership of the '432 patent." *Id.* Regarding the objections, similar to interrogatories one and four, Plaintiffs objected on the grounds that the above was vague, ambiguous, overly broad, and unduly burdensome. *Id.* Again, these are boilerplate objections and without further disclosure, the Court has no way to assess the applicability of any of them. Plaintiffs also objected on the grounds that this interrogatory "is unrelated to any claim or defense in this case and is not reasonably calculated to lead to the discovery of admissible evidence." *Id.* at 14. While the first part of this objection remains part of Rule 26, the second half was amended in 2015 to provide that any nonprivileged matter is discoverable if it "is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b) (see also Rules Committee Notes – 2015). Thus, whether or not the interrogatory is reasonably calculated to lead to the discovery of admissible evidence is no longer the standard. Plaintiffs are again advised that using boilerplate objections is highly

disfavored in this Circuit, especially when those objections are not legally sufficient. Plaintiffs further objected, again arguing that the information was subject to numerous privileges and already in the possession or control of the Defendant. ECF No. 103 attach. 1 at 14. As discussed above, *supra* Part A, these objections are without merit.

Nonetheless, Plaintiffs did assert one objection that has merit: that the information sought in this interrogatory is unrelated to any claim or defense in this case. *See id.* at 14. Defendant argued that the information sought in this interrogatory is relevant because, if a third party has a financial interest in this case, the third party may also have knowledge regarding the patents at issue. ECF No. 79 at 7-8 ("Any party that seeks to gain a financial benefit on the outcome of this litigation is likely to possess relevant, discoverable evidence, such as evaluations of or prior art related to the patent-in-suit. . . ."). Defendant's argument is wholly speculative in that Defendant failed to provide any explanation as to how anyone with a financial interest would have relevant and discoverable information.

Litigation funding is merely a relevancy issue: Information about a party's litigation funding is only relevant (and ultimately discoverable) if the requesting party has an actual basis for the relevancy of the information other than mere speculation or fishing. *See Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12-CV-9350 VM KNF, 2015 WL 5730101, at *5 (S.D.N.Y. Sept. 10, 2015) (denying a motion to compel production of litigation funding because "the defendants provided no non-speculative basis for raising such concerns. . . . The plaintiffs' admission that they have entered into a litigation funding agreement does not, of itself, constitute a basis for questioning counsel's ability to fund the litigation adequately"); *Piazza v. First American Title Ins. Co.*, No. 3: 06 CV 765, 2007 WL 4287469, at *1 (D. Conn. Dec. 5, 2007)) (explaining that a fee agreement is not discoverable because it is irrelevant to class certification when there is no

basis for defendants' speculation regarding conflicts of interest); *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 742 (N.D. Ill. Jan. 6, 2014) (After an *in camera review* of funding documents: "Caterpillar is not entitled to discover the amount of money sought or received by Miller, the details of the agreement it has with its funder, or how much the funder will receive if Miller wins the case. In the setting of this case, that information is simply irrelevant."). Having identified themselves as the only party with an ownership interest in the '432 patent, the Defendant has not proffered sufficient justification to warrant further discovery production regarding other theoretical financially interested parties. Consequently, Defendant's Motion to Compel Plaintiffs' response to interrogatory eight is **DENIED**.

### C. Interrogatory Nine:

*Defendant's ninth interrogatory states*:

> Describe in complete detail any and all involvement in the development of, and interest in, the invention(s) claimed in the Asserted Patents by Delphinus Technology, Inc., including any funding or resources provided by Delphinus Technology, Inc. and identification by Bates number of all agreements involving Delphinus Technology, Inc. and relating to the subject matter of, or the development of, the invention(s) claimed by at least one claim of any Asserted Patent.

ECF No. 103 attach. 1 at 14. Plaintiffs first objected on the basis that the interrogatory is compound. *Id.* This objection is unavailing as the Defendant only proffered a total of nine interrogatories, *id.*, and the Federal Rules of Civil Procedure permit Defendant to serve a total of twenty-five interrogatories. *See* Fed. R. Civ. P. 33(a)(1) ("[A] party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."). Thus, even if the interrogatory is compound and were split into separate interrogatories, the Defendant would still be well within the twenty-five written interrogatory limit and Plaintiff would have no excuse not to respond. *See Kelly v. FedEx Ground Package Sys., Inc.*, No. 3:10-CV-01265, 2011 WL 1584764, at *8 (S.D. W.Va. Apr. 26, 2011) (explaining that simply because an interrogatory is compound does not make it objectionable without more, such as vagueness or ambiguity);

*Acosta v. Hilton Worldwide*, No. 4:15-CV-00495-RBH, 2015 WL 5089640, at \*7 (D.S.C. Aug. 27, 2015) (overruling plaintiff's objection that the compound interrogatories exceeded the Rule 33 limit because plaintiff "offered no further substantive argument regarding why she should not be required to provide this information"). Plaintiffs also objected, as in all their other interrogatory responses, on the basis that the interrogatory was "vague, ambiguous, overly broad, and unduly burdensome, such as to the extent it asks for 'complete detail,'" and that it seeks information beyond Plaintiffs' possession, custody, or control. ECF No. 103 attach. 1. at 15. Again, these are boilerplate objections and without further disclosure, the Court has no way to assess the applicability of any of them. It is also not apparent how this information is beyond Plaintiffs' possession, custody, or control, as the interrogatory merely seeks information related to another company the Plaintiffs own. *See id.* (responding with the following known information: "Plaintiffs, and only Plaintiffs, have joint ownership of the '432 patent. Delphinus Technology, Inc., does not have, and has never had, any interest in the '432 patent"). Plaintiffs further objected, again arguing that the information was subject to numerous privileges. *Id.* As discussed above, *supra* Part A, these privilege objections are without merit.

Similar to interrogatory number eight, Plaintiffs did assert one objection that has merit: Plaintiffs objected to this interrogatory to the extent it is unrelated to any claim or defense in this case.[2] Thus, the question again for this Court is one of relevancy. Defendant argued that the information is relevant to its affirmative defense that the Plaintiffs do not have standing to bring this suit. ECF No. 79 at 8; *see also* ECF No. 88 ¶ 72 (Fifth Affirmative Defense: "On information and belief, the patent-in-suit resulted from work performed by Delphinus

---

[2] Plaintiffs again added to this objection that the interrogatory "is not reasonably calculated to lead to the discovery of admissible evidence." ECF No. 103 attach. 1. at 15. As this Court noted, *supra* Part B, Rule 26 was amended in 2015 and now states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Technology under an agreement that granted a license back to the client that engaged Delphinus Technology for such work. . . . Accordingly, [Defendant] is not liable to Plaintiffs for the allegedly infringing acts performed before [Defendant] received actual notice that it was allegedly infringing the asserted patent."). Specifically, Defendant proffered facts indicating that information about Delphinus may be relevant to the Defense of standing, noting that Delphinus holds itself out as engaging in patenting and licensing activities. ECF No. 79 at 8 (referring to information on Delphinus Technologies' website). Defendant also proffered that Delphinus "is in the business of 'Security Software' and filed for a $2,500,000 stock offering," and that Defendant is entitled to know the full extent of the Plaintiffs' relationship with Delphinus if some of the stock offering "funding contributed to the development or prosecution of the patent-in-suit." ECF No. 103 at 3.

As an initial matter, Defendant is not entitled to discovery about Plaintiffs' litigation funding. *See supra* Part B. However, Defendant proffered substantial facts—that Delphinus is in the business of security software (similar to the patent-in-suit) and that Delphinus also patents and markets the technology for licensing once it develops technology—indicating that information about the relationship between Plaintiffs and Delphinus may be relevant to Defendant's defense of standing. *See Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1031 (Fed. Cir. 1995) (explaining the relevance of a non-exclusive versus exclusive licensee to standing: "The key question for determining standing of a licensee is whether the licensee as a matter of law has an exclusive property interest in the patent itself, not whether the licensee in fact has been harmed by a third-party infringer"). *But see Chou v. University of Chicago*, 254 F.3d 1347, 1359 (Fed. Cir. 2001) (indicating that an inventor may have standing to sue even *without* any financial or ownership interest in a patent based on the fact that the inventor may

receive intangible benefits simply by being *named* as an inventor) (emphasis added). Nonetheless, whether or not Plaintiffs contracted with Delphinus or arranged any sort of licensing agreement is relevant, and Plaintiffs failed to articulate how responding to this interrogatory would be burdensome, expensive, or otherwise so cumbersome as to be beyond the proportional needs of the case. Objectively, responding does not seem to impose any significant burden or expense. Consequently, Defendant's Motion to Compel Plaintiffs' response to interrogatory nine is GRANTED and plaintiffs are directed to respond fully <u>within seven days of the date of this order.</u>

## CONCLUSION

Defendant's Motion to Compel, ECF No. 78, is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' are **ORDERED** to respond to interrogatories one and four <u>within seven days after the Court issues its claim construction order</u>, and to respond to interrogatory nine <u>within seven days of the date of this Order</u>. Defendant's Motion to Compel Plaintiffs' response to interrogatory eight is **DENIED**.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
May 31, 2016